J-A23026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA TORRES-CASTRO | : | |
| | : | |
| Appellant | : | No. 477 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000510-2022

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 30, 2024**

Appellant, Joshua Torres-Castro, appeals from the judgment of sentence entered February 15, 2024, as made final by the denial of his post-sentence motion on February 28, 2024.  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows.

On June 16, 2023, [Appellant] pled guilty to two counts of indecent assault without consent.[1]  These charges arose between January 1, 2006 and December 31, 2014, when [Appellant], who was the boyfriend of the mother of the two minor victims and who lived with them, touched intimate areas of the girls' bodies for the purpose of sexual arousal.  He committed these crimes over a period of years.  Sentencing was scheduled for December 5, 2023, but on the day of sentencing, [Appellant] indicated that he wanted to withdraw his plea.  On December 8, 2023, [Appellant] filed a motion to withdraw his plea.  [After conducting a hearing, the trial court ultimately] entered an order [on January 24, 2024] denying the motion.

On February 15, 2024, [Appellant appeared for sentencing.  At the outset of the hearing, Appellant] stipulated to his designation as a sexually violent predator [pursuant to the Sexual Offenders Registration and Notification Act ("SORNA")].  Thereafter, o]ne of the victims testified to the effects that [Appellant's] actions had on her over the years, including her inability to trust adults after the person whom she thought of as a father figure and whom she thought she could trust most, failed to protect her and caused her harm.  … [Ultimately, the court sentenced Appellant to] one to two years[' incarceration] on each count of indecent assault, and [ordered] the sentences [to run] consecutive[ly].  Hence, the trial court sentenced Appellant to an aggregate term of two to four years' incarceration.  In addition, [t]he court [ordered Appellant to submit to SORNA's lifetime registration requirements and further directed Appellant] to participate in counseling under SORNA[,] to pay the cost of prosecution and to have no contact with the victims.

On February 21, 2024, [Appellant] filed a motion for reconsideration of sentence, and on February 28, 2024, [the] motion was denied.  [This timely appeal followed.[2]]

_____

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] We note, as an initial matter, that Appellant's Rule 1925(b) concise statement was untimely filed.  Indeed, the trial court issued an order on April 8, 2024, directing Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) within 21 days.  Hence, Appellant's Rule 1925(b) concise statement

*(Footnote Continued Next Page)*

Trial Court Opinion, 5/21/24, at 1-2 (footnotes added).

_____

was due on or before April 29, 2024.  Appellant, however, did not file his Rule 1925(b) concise statement until May 10, 2024.  Ordinarily, the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); ***see also Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Importantly, however, Rule 1925(c)(3) of the Pennsylvania Rules of Appellate Procedure states:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a [concise s]tatement and either failed to do so, or untimely filed or served a [concise s]tatement, such that the appellate court is convinced that counsel has been per se ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a [concise s]tatement nunc pro tunc, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3); ***see Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (declining to find the appellant's claims waived on appeal in view of Pa.R.A.P. 1925(c)(3)).

In this instance, we determine that Appellant's counsel, by filing an untimely 1925(b) statement, was *per se* ineffective.  In addition, we note that the trial court did not comment on the untimeliness of Appellant's Rule 1925(b) statement and, in fact, addressed the issues raised therein.  We therefore decline to remand this matter for the preparation of a trial court opinion and will review the merits of Appellant's claims within the context of counsel's application to withdraw and the accompanying brief submitted pursuant to ***Anders***. ***See Commonwealth v. Andrews***, 213 A.3d 1004, 1010 (Pa. Super. 2019) (declining to find the appellant's claims waived pursuant to Pa.R.A.P. 1925(c)(3) and declining to remand to the trial court because the trial court addressed the issues raised in the appellant's untimely 1925(b) statement).

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (emphasis added).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en*

*banc*) (holding that the ***Anders*** procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel. ... [T]his

review does not require this Court to act as counsel or otherwise advocate on

behalf of a party.  Rather, it requires us only to conduct a review of the record

to ascertain if[,] on its face, there are non-frivolous issues that counsel,

intentionally or not, missed or misstated.  We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order

counsel to analyze them").  It is only when all of the procedural and

substantive requirements are satisfied that counsel will be permitted to

withdraw.

In the case at bar, counsel complied with all of the above procedural

obligations.  We must, therefore, review the entire record and analyze whether

this appeal is, in fact, wholly frivolous.  Our analysis begins with the claims

raised in the ***Anders*** brief, which are as follows:

> 1. Whether the sentencing court imposed unwarranted harsh and excessive sentences of [one] to [two] years on each of the [] offenses?
>
> 2. Whether the sentencing court erred when it imposed consecutive sentences rather than concurrent sentences?

***Anders*** Brief at 4.

Appellant's claims implicate the discretionary aspects of his sentence.

First, Appellant claims that the trial court imposed "harsh and excessive

sentences[.]" *Id.* at 10. Next, Appellant challenges the trial court's decision

to run his sentences consecutively, rather than concurrently. *Id.*

This Court previously explained:

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original

brackets omitted). If an appellant fails to raise a challenge to the discretionary

aspects of a sentence either by presenting a claim to the trial court at the time

of sentencing or in a post-sentence motion, then the appellant's challenge is

- 6 -

considered waived. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) "inconsistent with a specific provision of the sentencing code" or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Herein, Appellant filed a timely notice of appeal and included a statement in his brief in conformity with Pa.R.A.P. 2119(f). Hence, Appellant complied with the first and third requirements above. As previously noted, Appellant filed a motion to reconsider his sentence on February 21, 2024. The motion, however, only included Appellant's claim that the trial court imposed "harsh and extreme [sentences] due to the circumstances." Appellant's Motion for Reconsideration of Sentence, 2/21/24, at *2 (un-paginated). Indeed, upon review, we conclude that Appellant failed to challenge the trial court's decision to order his sentences to run consecutively, rather than concurrently, in his motion for reconsideration of sentence, resulting in waiver on appeal.[3] Thus, Appellant complied with the second requirement, but only

_____

[3] Incidentally, even if properly preserved, we would conclude that Appellant's challenge to the imposition of consecutive sentences would not raise a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (explaining that a "court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Instead, "the imposition of consecutive rather than concurrent
*(Footnote Continued Next Page)*

for his claim alleging that the trial court imposed a harsh and excessive sentence.

We must, therefore, address whether Appellant's sole remaining claim raises a substantial question. We conclude that it does not. Importantly, Appellant references each conviction at each docket, conceding that, in each instance, the trial court imposed a sentence within the standard range, albeit in the highest end of the standard range. At no point does Appellant ever state, with specificity, a colorable claim alleging that his sentence is inconsistent with a provision of the Sentencing Code or a fundamental norm underlying the sentencing process. *See Commonwealth v. Crawford*, 257 A.3d 75, 79-80 (Pa. Super. 2021) (explaining that the Rule 2119(f) statement fails to raise a substantial question where it "fails to explain what portion of the Sentencing Code, if any, with which his sentence was inconsistent or how it ran contrary to fundamental sentencing norms."). Ostensibly, Appellant's

_____

sentences will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.'") (citation omitted). In light of the number of victims, as well as the criminal conduct at issue, we conclude that the trial court's imposition of consecutive sentences, resulting in an aggregate sentence of two to four years' incarceration, does not present a substantial question. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2023) (holding that the appellant's conviction of 314 counts relating to the sexual abuse of his stepdaughter, resulting in the imposition of an aggregate sentence of 633 to 1,500 years' incarceration did not present a substantial question). "Simply put, this is not a case where the trial court's exercise of discretion resulted in a sentence that is 'grossly disparate to [Appellant's] conduct [or] viscerally appear as patently unreasonable.'" *Commonwealth v. Austin*, 66 A.3d 798, 809 (Pa. Super. 2013) (citation omitted).

Rule 2119(f) statement implies that the trial court failed to adequately consider various mitigating factors. *See* Appellant's Brief at 10 (arguing that the trial court "focused on the two girls and the effect on them without considering that the offense was outside of [] Appellant's nature and behavior."). Our case law is clear, however, that claims of inadequate consideration of mitigating factors do not raise a substantial question. *See* *Crawford*, 257 A.3d at 79; *see also Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his remaining discretionary sentencing claim.

We have independently considered the issues raised within counsel's *Anders* brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

![signature: Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2024